**Florentino LOPEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–478–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 4, 2001.

Rehearing Overruled Nov. 1, 2001.

---

Larry Warner, Brownsville, for Appellant.

Yolanda De Leon, District Attorney, John A. Olson, Assistant County & District Attorney, Brownsville, Matthew W. Paul, State Attorney, Austin, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION ON REMAND

Opinion by Justice HINOJOSA.

Appellant, Florentino Lopez, Jr., was charged by indictment with three counts of aggravated sexual assault of a child and one count of indecency with a child. The case was assigned to the 197th District Court of Cameron County. Appellant pleaded not guilty and waived his right to a trial by jury. The record shows that Cameron County Court–at–Law Judge Everardo Garcia was assigned by the presiding judge of the Fifth Administrative Judicial Region to preside over the 197th District Court for a period beginning

> February 24, 1997 and ending February 28, 1997, provided that [the period of assignment] shall continue thereafter so long as may be necessary for the assigned judge to complete trial of any cause begun during such period, and to pass on motions for new trial and all other matters growing out of any cause heard by the assigned judge during such period.

Appellant's case was originally set for February 24, 1997. On that date, the trial was reset for a later date upon appellant's motion for continuance. On May 1, 1997, after a bench trial, Judge Garcia found appellant guilty on all counts and assessed his punishment at forty years' imprisonment and a $10,000 fine on count one, twenty years' imprisonment on count two, twenty years' imprisonment on count three, and ten years' imprisonment on count four. The sentences were ordered to run concurrently. Appellant raised no objection in the trial court regarding Judge Garcia's authority to hear this case.

Appellant appealed his conviction, asserting in a single issue that the trial court lacked the proper authority to hear and decide his case. Appellant argued that the record did not contain an order assigning Judge Garcia, a Cameron County Court–at–Law judge, to preside over appellant's felony trial in the 197th District Court on May 1, 1997. In an unpublished opinion, this Court reversed appellant's conviction and remanded the case for a new trial. *See Lopez v. State*, No. 13–97–478–CR, 2000 Tex.App. LEXIS 5547 (Tex.App.— Corpus Christi August 17, 2000) (not designated for publication). Upon the State's petition for discretionary review, the court of criminal appeals vacated that decision and remanded the case to this Court. In an unpublished opinion, the court of criminal appeals held that this Court had failed to address the issue of whether appellant had properly preserved the issue and questioned whether our prior opinion conflicted with the holdings in *Wilson v. State*, 977 S.W.2d 379 (Tex.Crim.App.1998) and *Davis v. State*, 956 S.W.2d 555 (Tex.Crim. App.1997). *Lopez v. State*, No. 1810–00, slip op. at 1–2 (Tex.Crim.App. Feb 21, 2001) (not designated for publication). On remand, appellant has raised five issues.

### A. HAS APPELLANT PRESERVED THE JURISDICTIONAL ISSUE?

It is undisputed that appellant failed to make any objection in the trial court concerning Judge Garcia's authority to hear this case. Is he, therefore, precluded from raising this issue for the first time on appeal?

Strictly speaking, jurisdiction encompasses only the power of the tribunal over the subject matter and the person. *Davis*, 956 S.W.2d at 558. However, a judgment is not immune from jurisdictional challenge simply because an indictment has been returned and a court has jurisdiction over the case; the judge must also have authority to preside over the case. *Id.; Johnson v. State*, 869 S.W.2d 347, 349 n. 5 (Tex.Crim.App.1994). A judge's disqualification arising from a constitutional

or statutory provision "affects jurisdiction" and renders the proceeding a nullity. *Davis,* 956 S.W.2d at 558; *Lee v. State,* 555 S.W.2d 121, 124 (Tex.Crim.App.1977). A conviction is void if the judge was constitutionally or statutorily disqualified, or lacks qualification. *See* TEX. CONST. art. V, § 11; *Ex parte Vivier,* 699 S.W.2d 862, 863–64 (Tex.Crim.App.1985); *Ex parte Washington,* 442 S.W.2d 391, 392–93 (Tex.Crim. App.1969) (a judge is constitutionally disqualified if he is related to a party, or if he prosecuted the same case before); *see also* TEX. CONST. Art. XVI, § 1; *French v. State,* 572 S.W.2d 934, 939 (Tex.Crim.App.1978) (op. on second motion for reh'g) (judge's actions were void because he had not yet taken constitutional oath of office).

■ On the other hand, errors involving the violation of a statutory procedure do not render a judgment void for jurisdictional reasons. *Davis,* 956 S.W.2d at 559. In *Davis,* the district court judge did not sign an order referring Davis's case to a magistrate until two days after he pleaded guilty before the magistrate. *Id.* at 556. The court of criminal appeals held that because "neither the subject matter or personal jurisdiction of the district court, nor the authority of its judge, nor the magistrate's qualification to hold the position of magistrate have been questioned," and the district court was authorized by statute to refer the case to the magistrate and purported to do so when it signed the referral order, jurisdiction was not affected; therefore, the order placing Davis on probation was not void. *Id.* at 560. The court further held that Davis's failure to object at trial precluded appellate review. *Id.*

In *Miller v. State,* 866 S.W.2d 243 (Tex. Crim.App.1993), the appellant claimed the procedures for appointing a special judge for his case were not followed, but he did not object at trial. *Id.* at 243. The court

of criminal appeals held that Miller's attack was directed at the procedure in which the special judge was appointed, not to the subject matter jurisdiction of the court itself, and was, therefore, not a claim that the special judge was disqualified as a matter of law from serving as a judge. *Id.* at 245–46. Therefore, the court concluded, the conviction was voidable, not void, and required an objection at trial in order to preserve the complaint for appellate review. *Id.*

In *Wilson,* 977 S.W.2d at 379, the court of criminal appeals addressed a situation very similar to that of the instant case. A retired district judge was appointed to a district court in Harris County for a five-week period. *Id.* Wilson's jury trial began three days after the expiration of the assignment period, but Wilson did not object at trial. *Id.* Instead, he brought up the matter for the first time on appeal. *Id.* After overruling prior case law requiring a defendant to utilize a *quo warranto* proceeding to challenge the authority of a trial judge, the court of criminal appeals asked:

> [h]ow, then, may a defendant challenge the authority of a judge, who is otherwise qualified, to preside pursuant to an expired assignment? We hold that such a defendant, if he chooses, may object pretrial; if he does not, he may not object later or for the first time on appeal. This holding is consistent with our prior holding that, in general, all but the most fundamental evidentiary and procedural rules (or "rights") are forfeited if not asserted at or before trial.... A timely objection in the trial court will afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate corrective action.

*Id.* (citations omitted).

■ Like the retired judge in *Wilson,* a statutory county judge may be assigned

to sit in another court by the presiding judge of the administrative region in which the assigned judge resides. TEX. GOV'T CODE ANN. § 74.054(a)(1) (Vernon 1998 & Supp.2001). The only statutory limitation on this provision, which is not at issue here, is that a statutory county court judge may not be assigned to hear a matter pending in a district court outside the county of the judge's residence. TEX. GOV'T CODE ANN. § 74.054(b) (Vernon 1998 & Supp.2001). As in *Wilson*, appellant does not argue that Judge Garcia was constitutionally or statutorily unqualified or disqualified from sitting. He argues only that the record does not definitively show that Judge Garcia was assigned to hear cases in the 197th District Court on the date of his trial. In accordance with *Davis, Wilson*, and *Miller*, we hold that appellant's failure to complain to Judge Garcia that his assignment had expired caused appellant to forfeit his right to challenge on appeal the judge's authority to preside over his trial.

■ Appellant also argues that the lack of a proper assignment order constitutes fundamental error that does not have to be preserved for appellate review by an objection at trial. However, we conclude the holdings of *Davis, Wilson*, and *Miller* effectively negate this argument. We overrule appellant's first, second, third and fourth issues on remand.

### B. ON REMAND, MAY APPELLANT RAISE A NEW ISSUE?

■ Appellant also asserts, for the first time on remand, that the evidence is factually insufficient to support his convictions. This Court has previously held that the only issues that may be raised on remand are "those issues raised as a result of the opinion by the court of criminal appeals, its application on remand, and any subsequent authorities on the issues that had previous-

ly been presented." *Sanders v. State*, 963 S.W.2d 184, 186 (Tex.App.—Corpus Christi 1998, pet. ref'd).

Because the issue of factual sufficiency was not raised in appellant's original appeal to this Court, we hold it has been waived. Accordingly, we overrule appellant's fifth issue on remand.

The judgment of the trial court is affirmed.