IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0076-10






EX PARTE BRYAN SCOTT CHAMBERLAIN, Appellant








ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keasler, J., delivered the opinion for a unanimous Court. 


O P I N I O N 
 In October 1997, Bryan Scott Chamberlain pled guilty to sexual assault, a third-degree
felony. The trial judge deferred adjudicating guilt and placed Chamberlain on community
supervision for four years. Chamberlain successfully completed the four-year community
supervision term in October 2001. 

 As a result of this offense, Chamberlain is required to register as a sex offender for
the remainder of his life. (1) In October 2008, Chamberlain filed an application for a writ of
habeas corpus under Texas Code of Criminal Procedure Article 11.072. Among other
grounds for relief, Chamberlain alleged that the lifetime registration requirement violates his
substantive due process rights because there is no mechanism to permit any future risk
reassessment concerning the probability or likelihood of recidivism. Adopting the State's
proposed findings of fact and conclusions of law, the trial judge denied relief.

 Chamberlain appealed to the Fort Worth Court of Appeals. (2) The court of appeals
rejected Chamberlain's claim, concluding that Chamberlain's due process rights are not
violated because there is a statutory mechanism that allows a person subject to the lifetime
registration requirement to seek early termination. (3) The court pointed to Texas Code of
Criminal Procedure Articles 62.401 through 62.408. Article 62.401, enacted in 2005,
established the Council on Sex Offender Treatment (CSOT). Article 62.402 sets out part of
the CSOT's duties:

 (a) The council by rule shall determine the minimum required registration
period under 42 U.S.C. Section 14071 . . . for each reportable conviction or
adjudication under this chapter, if this state is to receive the maximum amount
of federal money available to a state as described by that law.

 (b) After determining the minimum required registration period for each
reportable conviction or adjudication under Subsection (a), the council shall
compile and publish a list of reportable convictions or adjudications for which
a person must register under this chapter for a period that exceeds the
minimum required registration period under federal law.

 (c) To the extent possible, the council shall periodically verify with the Bureau
of Justice Assistance or another appropriate federal agency the accuracy of the
list of reportable convictions or adjudications described by Subsection (b). (4)

 Article 62.403 provides for individual risk assessment by the CSOT:

 (b) On the written request of a person with a single reportable adjudication or
conviction that appears on the list published under Article 62.402(b), the
council shall:

 (1) evaluate the person using the individual risk assessment tool or group of
individual risk assessment tools established, developed, or adopted under
Subsection (a); and

 (2) provide to the person a written report detailing the outcome of an
evaluation conducted under Subdivision (1). (5)

 Once an individual has received an individual risk assessment under Article 62.403,
the individual may file a motion in the trial court requesting early termination from the
applicable registration requirements. (6)

 After considering these statutes, the court of appeals held that: 

 To the extent that the [sex-offender registration requirement's] rational
relationship to the State's legitimate interest in protecting its citizens from sex
offenders diminishes as a sex offender over time establishes his lack of
dangerousness and low risk of recidivism, the [law] does provide a vehicle for
such an offender (with a single reportable adjudication) to obtain an
individualized assessment of dangerousness and risk of recidivism and
possibly obtain early release from his obligation to register as a sex offender. (7) 

The court then concluded that, as applied to Chamberlain, the lifetime registration
requirement does not violate his substantive due process rights. (8) 

 We granted Chamberlain's petition for discretionary review to decide the following
issue: "Did the court of appeals err in holding that the lifetime registration requirement
imposed on [Chamberlain] did not violate his substantive due process rights because there
is a statutory mechanism by which [Chamberlain] can seek to be excused from further
registration?"

 Shortly before this case was submitted, but after we granted review, the CSOT
published its list as mandated by Article 62.402. (9) It makes clear that individuals who have
been convicted of sexual assault, like Chamberlain, are not eligible for de-registration. (10) 

 The CSOT's list has altered the legal landscape for individuals eligible for early
termination from the sex offender registration requirements. The court of appeals did not
have the benefit of this information before it when addressing Chamberlain's due process
claim. The court therefore proceeded under the theory that Chamberlain would be able to
avail himself of the Code's mechanism for early termination from the lifetime registration
requirement. This was the court's sole basis for concluding that Chamberlain's substantive
due process rights were not violated. (11) As a result, we determine that the court of appeals
should be given an opportunity to reconsider Chamberlain's claim in light of this new
information. We vacate the court of appeals's judgment and remand this case for
proceedings consistent with this opinion.

 

DATE DELIVERED: February 2, 2011

PUBLISH 
1. Tex. Code Crim. Proc. Ann. art. 62.101 (Vernon 2006).
2. Ex parte Chamberlain, 306 S.W.3d 328, 336 (Tex. App.--Fort Worth 2009). 
3. Id. 
4. Tex. Code Crim. Proc. Ann. art. 62.402 (Vernon 2006).
5. Tex. Code Crim. Proc. Ann. art. 62.403(b) (Vernon 2006). 
6. Tex. Code Crim. Proc. Ann. art. 62.404 (Vernon 2006).
7. Ex parte Chamberlain, 306 S.W.3d at 337.
8. Id. at 338.
9. Deregistration for Certain Sex Offenders, December 14, 2010, available at
http://www.dshs.state.tx.us/csot/csot_sodregis.shtm. 
10. Id.
11. Ex parte Chamberlain, 306 S.W.3d at 337-38.