02-09-079-CR REMAND









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00079-CR

 

 


 
 
 Ex Parte Bryan Scott Chamberlain
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

OPINION
ON REMAND

----------

 

          This
appeal is before us on remand from the court of criminal appeals.  See Ex
parte Chamberlain, 335 S.W.3d 198, 200 (Tex. Crim. App. 2011) (vacating our
judgment, but not our opinion, and remanding the appeal).[1] 
In our initial opinion, we overruled Chamberlain’s two issues arguing that (1) the
trial court in this case was required to conduct an evidentiary hearing on Chamberlain’s
article 11.072 application for a writ of habeas corpus, and (2) the Texas Sex
Offender Registration Program’s (SORP) lifetime registration requirement as
applied to Chamberlain violated the substantive due process rights guaranteed
to him under the Fourteenth Amendment to the United States Constitution.  See
Ex parte Chamberlain, 306 S.W.3d 328, 332–38 (Tex. App.—Fort Worth 2009), vacated
and remanded, 335 S.W.3d at 198.  In our prior opinion, we first held that
Chamberlain’s interest in his reputation did not constitute a fundamental right
or liberty interest as required to trigger heightened substantive due process
protection.  Id. at 334.  Accordingly, applying the rational basis test,
we secondly held that the SORP’s registration requirement bore a rational
relationship to Texas’s legitimate interest in protecting its citizens from
sexual predators.  Id. at 334–35.  We also thirdly held that because the
SORP required Chamberlain’s compulsory registration based on his conviction of
a crime that met the SORP’s definition of a “sexually violent offense,” the
SORP’s initial registration requirement was rationally related to the
legitimate state interest of protecting citizens from sexual predators.  Id.
at 336.  Finally, in rejecting Chamberlain’s argument that the SORP as applied
to him violated substantive due process because it required him to continue to
register for his entire life and provided no mechanism for a determination
that, at some point in his life, he was no longer dangerous or a recidivism
risk, we pointed out that in fact “the SORP[] reveals that a statutory
mechanism does exist for persons subject to lifetime registration to seek early
termination of their obligation to register.”  Id. at 337 (citing Texas
Code of Criminal Procedure articles 62.401–.408 (West 2006)).  We thus fourthly
held that “the SORP contains a mechanism that allows sex offenders who are
purportedly not dangerous and who pose a low risk of re-offending to petition
for early termination of the registration requirements.”  Id. at 338. 

          The
court of criminal appeals granted Chamberlain’s petition for review to decide
the following issue:  “Did the court of appeals err in holding that the
lifetime registration requirement imposed on [Chamberlain] did not violate his
substantive due process rights because there is a statutory mechanism by which
[Chamberlain] can seek to be excused from further registration?”  Ex parte Chamberlain,
335 S.W.3d at 200.  After the court of criminal appeals granted review but
before the case was submitted, the Council on Sex Offender Treatment (CSOT)
published a list as mandated by code of criminal procedure article 62.402,
which the court of criminal appeals stated in its opinion “altered the legal
landscape for individuals eligible for early termination from the sex offender
registration requirements.”[2]
 See id.  Accordingly, the court of criminal appeals vacated our
judgment and remanded the case to us to reconsider Chamberlain’s substantive
due process claim[3] “in light of this new
information.”  Id.

          For
the reasons set forth in our prior opinion, we reaffirm and readopt the first
three holdings we made, as referenced above.  Concerning our fourth holding—that
“the SORP[] reveals that a statutory mechanism does exist for persons subject to
lifetime registration to seek early termination of their obligation to register,”
this is still true.  The list promulgated by the CSOT, however, specifically excludes
individuals who have been convicted of sexual assault from deregistration “at
this time.”  See Deregistration for Certain Sex Offenders, www.dshs.state.tx.us/csot/csot_dregupdate.doc.  Thus,
Chamberlain, who pleaded guilty to sexual assault, a second-degree felony,[4]
is not eligible at this time to petition for deregistration.

The
fact that Chamberlain is not eligible to petition for deregistration, however,
does not mean that the SORP’s lifetime registration requirement is not
rationally related to a legitimate state interest or that it violates substantive
due process as applied to Chamberlain.  As we noted in our original opinion,
complaints about whether the application of the SORP’s registration
requirements should be contingent on the seriousness of the offense or whether
registration for nonviolent sex offenders should be limited in duration are
questions better left for the legislature.  Ex parte Chamberlain, 306
S.W.3d at 337 n.9.  To the extent that the SORP’s rational relationship to the
State’s legitimate interest in protecting its citizens from sex offenders
diminishes as a sex offender over time establishes his lack of dangerousness
and low risk of recidivism, the SORP does provide a vehicle for such an
offender (with a single reportable adjudication) to obtain an individualized
assessment of dangerousness and risk of recidivism and to possibly obtain an
early release from his obligation to register as a sex offender.  See Tex.
Code Crim. Proc. Ann. arts. 62.401–.408.  The fact that Chamberlain is not
eligible at this time to pursue deregistration because he pleaded guilty to and
was convicted of an offense that is not included on the CSOT’s list does not
create a violation of Chamberlain’s substantive due process rights; it simply
means that the legislature, via the CSOT, in consideration of the category of
offense committed by Chamberlain, has determined that Texas’s citizens should
continue to be protected from perpetrators of this type of sexual offense.  To
hold otherwise would judicially mandate inclusion of all offenses on the CSOT’s
list in order to make the statute pass substantive due process constitutional
muster.  The determination of which offenses should be eligible for
deregistration is a matter best left for the legislature or its designees, like
the CSOT.  See Flores v. State, 904 S.W.2d 129, 131 (Tex. Crim. App.
1995) (rejecting defendant’s disparate treatment argument because accepting it
would lead to unintended consequences better left for the legislature to
decide), cert. denied, 516 U.S. 1050 (1996); accord Safety Nat’l Cas.
Corp. v. State, 273 S.W.3d 157, 165 (Tex. Crim. App. 2008) (Cochran, J.,
concurring) (explaining that statutory inadequacies are best left to the
legislature to remedy); see also In re M.A.H., 20 S.W.3d 860, 865–66
(Tex. App.––Fort Worth 2000, no pet.); In re J.W., 787 N.E.2d 747, 760 (recognizing
that rational basis test does not require that statute be best means of
protecting public and that it is up to the legislature and not courts to
determine whether statute is best means for achieving desired results), cert.
denied sub nom., J.W. v. Illinois, 540 U.S. 873 (2003). Because the
Texas SORP does provide a mechanism for early deregistration for certain offenses
and under certain circumstances dictated by the legislature and the CSOT, the lifetime
registration requirement is rationally related to Texas’s legitimate interest
in protecting its citizens from sexual predators.  We overrule Chamberlain’s
second issue.

          Having
overruled the sole issue before us on remand, we affirm the trial court’s order
denying habeas corpus relief.  

 

SUE
WALKER

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:
August 30, 2011









[1]See Tex. R. App. P.
78.1(f) (stating that court of criminal appeals may vacate lower court’s
judgment and remand case for further proceedings in light of changes in law).





[2]The list states, 

[I]t is very important to note that not
all Registered Sex Offenders are eligible to pursue deregistration at this
time.  The amendments to the Code of Criminal Procedure, Chapter 62 allow sex
offenders who have been convicted or placed on deferred adjudication for the
following offenses to pursue deregistration: 

·       
Compelling prostitution

·       
Compelling prostitution (victim under 17 years old)

·       
Indecent exposure (two or more convictions)

·       
Unlawful restraint (victim under 17 years old)

·       
Indecency with a child by exposure

·       
Possession or promotion of child pornography

·       
Online solicitation of a minor

·       
Sexual performance of a child

·       
Indecency with a child (victim 13 to 17 years old)

·       
Any attempts, conspiracies, and solicitations of any of the above
listed.

Thus individuals who have been
convicted of other sex offenses like . . . Sexual Assault, . . . are not
eligible for deregistration at this time.  This determination is mandated under
current law . . . .

See Deregistration for Certain Sex Offenders,
December 14, 2010, available at www.dshs.state.tx.us/csot/csot_dregupdate.doc. 






[3]Thus, Chamberlain’s first
issue—whether the trial court was required to conduct a hearing—is not before
us on remand.  See Lopez v. State, 57 S.W.3d 625, 629 (Tex. App.—Corpus
Christi 2001, pet. ref’d) (limiting issues on remand to those raised by court
of criminal appeals’s opinion).





[4]See Tex. Penal Code
Ann. § 22.011(f) (West 2011) (categorizing sexual assault as a second-degree
felony).