

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00079-CR

EX PARTE BRYAN SCOTT
CHAMBERLAIN

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## OPINION ON REMAND

----------

This appeal is before us on remand from the court of criminal appeals. *See Ex parte Chamberlain*, 335 S.W.3d 198, 200 (Tex. Crim. App. 2011) (vacating our judgment, but not our opinion, and remanding the appeal).[1] In our initial opinion, we overruled Chamberlain's two issues arguing that (1) the trial court in this case was required to conduct an evidentiary hearing on Chamberlain's article 11.072 application for a writ of habeas corpus, and (2) the

---

[1]*See* Tex. R. App. P. 78.1(f) (stating that court of criminal appeals may vacate lower court's judgment and remand case for further proceedings in light of changes in law).

Texas Sex Offender Registration Program's (SORP) lifetime registration requirement as applied to Chamberlain violated the substantive due process rights guaranteed to him under the Fourteenth Amendment to the United States Constitution. *See Ex parte Chamberlain*, 306 S.W.3d 328, 332–38 (Tex. App.—Fort Worth 2009), *vacated and remanded*, 335 S.W.3d at 198. In our prior opinion, we first held that Chamberlain's interest in his reputation did not constitute a fundamental right or liberty interest as required to trigger heightened substantive due process protection. *Id.* at 334. Accordingly, applying the rational basis test, we secondly held that the SORP's registration requirement bore a rational relationship to Texas's legitimate interest in protecting its citizens from sexual predators. *Id*. at 334–35. We also thirdly held that because the SORP required Chamberlain's compulsory registration based on his conviction of a crime that met the SORP's definition of a "sexually violent offense," the SORP's initial registration requirement was rationally related to the legitimate state interest of protecting citizens from sexual predators. *Id*. at 336. Finally, in rejecting Chamberlain's argument that the SORP as applied to him violated substantive due process because it required him to continue to register for his entire life and provided no mechanism for a determination that, at some point in his life, he was no longer dangerous or a recidivism risk, we pointed out that in fact "the SORP[] reveals that a statutory mechanism does exist for persons subject to lifetime registration to seek early termination of their obligation to register." *Id.* at 337 (citing Texas Code of Criminal Procedure articles 62.401–

.408 (West 2006)).  We thus fourthly held that "the SORP contains a mechanism that allows sex offenders who are purportedly not dangerous and who pose a low risk of re-offending to petition for early termination of the registration requirements." *Id*. at 338.

The court of criminal appeals granted Chamberlain's petition for review to decide the following issue:  "Did the court of appeals err in holding that the lifetime registration requirement imposed on [Chamberlain] did not violate his substantive due process rights because there is a statutory mechanism by which [Chamberlain] can seek to be excused from further registration?"  *Ex parte Chamberlain*, 335 S.W.3d at 200.  After the court of criminal appeals granted review but before the case was submitted, the Council on Sex Offender Treatment (CSOT) published a list as mandated by code of criminal procedure article 62.402, which the court of criminal appeals stated in its opinion "altered the legal landscape for individuals eligible for early termination from the sex offender registration requirements."[2]  *See id.*  Accordingly, the court of criminal

---

[2]The list states,

[I]t is very important to note that not all Registered Sex Offenders are eligible to pursue deregistration at this time.  The amendments to the Code of Criminal Procedure, Chapter 62 allow sex offenders who have been convicted or placed on deferred adjudication for the following offenses to pursue deregistration:

- Compelling prostitution
- Compelling prostitution (victim under 17 years old)
- Indecent exposure (two or more convictions)
- Unlawful restraint (victim under 17 years old)

3

appeals vacated our judgment and remanded the case to us to reconsider Chamberlain's substantive due process claim[3] "in light of this new information." *Id.*

For the reasons set forth in our prior opinion, we reaffirm and readopt the first three holdings we made, as referenced above. Concerning our fourth holding—that "the SORP[] reveals that a statutory mechanism does exist for persons subject to lifetime registration to seek early termination of their obligation to register," this is still true. The list promulgated by the CSOT, however, specifically excludes individuals who have been convicted of sexual assault from deregistration "at this time." See Deregistration for Certain Sex Offenders, www.dshs.state.tx.us/csot/csot_dregupdate.doc. Thus, Chamberlain, who

---

- Indecency with a child by exposure
- Possession or promotion of child pornography
- Online solicitation of a minor
- Sexual performance of a child
- Indecency with a child (victim 13 to 17 years old)
- Any attempts, conspiracies, and solicitations of any of the above listed.

Thus individuals who have been convicted of other sex offenses like . . . Sexual Assault, . . . are not eligible for deregistration at this time. This determination is mandated under current law . . . .

*See* Deregistration for Certain Sex Offenders, December 14, 2010, available at www.dshs.state.tx.us/csot/csot_dregupdate.doc.

[3]Thus, Chamberlain's first issue—whether the trial court was required to conduct a hearing—is not before us on remand. *See Lopez v. State*, 57 S.W.3d 625, 629 (Tex. App.—Corpus Christi 2001, pet. ref'd) (limiting issues on remand to those raised by court of criminal appeals's opinion).

4

pleaded guilty to sexual assault, a second-degree felony,[4] is not eligible at this time to petition for deregistration.

The fact that Chamberlain is not eligible to petition for deregistration, however, does not mean that the SORP's lifetime registration requirement is not rationally related to a legitimate state interest or that it violates substantive due process as applied to Chamberlain. As we noted in our original opinion, complaints about whether the application of the SORP's registration requirements should be contingent on the seriousness of the offense or whether registration for nonviolent sex offenders should be limited in duration are questions better left for the legislature. *Ex parte Chamberlain*, 306 S.W.3d at 337 n.9. To the extent that the SORP's rational relationship to the State's legitimate interest in protecting its citizens from sex offenders diminishes as a sex offender over time establishes his lack of dangerousness and low risk of recidivism, the SORP does provide a vehicle for such an offender (with a single reportable adjudication) to obtain an individualized assessment of dangerousness and risk of recidivism and to possibly obtain an early release from his obligation to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. arts. 62.401–.408. The fact that Chamberlain is not eligible at this time to pursue deregistration because he pleaded guilty to and was convicted of an offense that is not included on the CSOT's list does not create a violation of Chamberlain's

---

[4]*See* Tex. Penal Code Ann. § 22.011(f) (West 2011) (categorizing sexual assault as a second-degree felony).

substantive due process rights; it simply means that the legislature, via the CSOT, in consideration of the category of offense committed by Chamberlain, has determined that Texas's citizens should continue to be protected from perpetrators of this type of sexual offense. To hold otherwise would judicially mandate inclusion of all offenses on the CSOT's list in order to make the statute pass substantive due process constitutional muster. The determination of which offenses should be eligible for deregistration is a matter best left for the legislature or its designees, like the CSOT. *See Flores v. State*, 904 S.W.2d 129, 131 (Tex. Crim. App. 1995) (rejecting defendant's disparate treatment argument because accepting it would lead to unintended consequences better left for the legislature to decide), *cert. denied*, 516 U.S. 1050 (1996); *accord Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 165 (Tex. Crim. App. 2008) (Cochran, J., concurring) (explaining that statutory inadequacies are best left to the legislature to remedy); *see also In re M.A.H.*, 20 S.W.3d 860, 865–66 (Tex. App.—Fort Worth 2000, no pet.); *In re J.W.*, 787 N.E.2d 747, 760 (recognizing that rational basis test does not require that statute be best means of protecting public and that it is up to the legislature and not courts to determine whether statute is best means for achieving desired results), *cert. denied sub nom.*, *J.W. v. Illinois*, 540 U.S. 873 (2003). Because the Texas SORP does provide a mechanism for early deregistration for certain offenses and under certain circumstances dictated by the legislature and the CSOT, the lifetime registration requirement is rationally

6

related to Texas's legitimate interest in protecting its citizens from sexual predators.  We overrule Chamberlain's second issue.

Having overruled the sole issue before us on remand, we affirm the trial court's order denying habeas corpus relief.


                                        SUE WALKER
                                        JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED: August 30, 2011