

# NUMBER 13-13-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MELISSA ANN MERCER,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION ON REMAND

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion on Remand by Justice Longoria

Appellant Melissa Mercer challenges the trial court's judgment revoking her community supervision and sentencing her to two years' confinement in a state jail facility. We affirm as modified.

## I. BACKGROUND

Appellant pleaded guilty to the offense of a debit card abuse, a state-jail felony, and was placed on community supervision for five years. *See* TEX. PENAL CODE ANN. § 32.31(b)(1)(a) (West, Westlaw through Chapter 46 2015 R.S.). The trial court issued multiple orders amending the conditions of appellant's supervision to require her to spend a certain amount of time incarcerated in county jail and to repay the cost of her confinement. The trial court issued these modification orders *sua sponte* and without a hearing, but appellant signed her acknowledgment of each order. The trial court later revoked appellant's community supervision and orally pronounced sentence as follows:

> Her community supervision will be revoked, the original sentence imposed, two years in a state jail with the balance of the unpaid fine, fees, costs and restitution, if it can be collected, on a state jail case, which I don't think it really can be. You will get credit for some of the time, I think, that you have served, depending upon your successful or unsuccessful completion of those programs, but you do get the time that you spent in jail for sure when you were originally arrested and each and every time that you have been brought to court on prior revocation hearings.

The written judgment, filed the same day, ordered appellant to pay the balance of her outstanding fine and court costs, and to repay the cost of the time she spent incarcerated in county jail during her community supervision. The outstanding balance of the costs of her confinement is $160.

On appeal to this Court, appellant asserted in her first issue that the trial court had no authority to make repaying the cost of the time she spent confined in county jail as a condition of her supervision. By her second issue, appellant requested that we modify the judgment to accurately reflect the amount of court costs and fines assessed against her in the judgment. The State responded that appellant waived this argument by failing to object to each order at the time they were issued. The State did not oppose appellant's

2

second issue. We sustained both issues, struck the assessment of $160, modified the judgment to correct some clerical errors, and affirmed as modified. *Mercer v. State*, No. 13-13-00150-CR, 2013 WL 6055271 (Tex. App.—Corpus Christi Nov. 14, 2013), *vacated and remanded*, 451 S.W.3d 846 (*Mercer II*) (Tex. Crim. App. 2015). The Texas Court of Criminal Appeals vacated and remanded, ordering us to address appellant's first issue as raising the question "whether the judge had the authority to order [a]ppellant after revocation, as part of her sentence, to pay the balance of her fine, costs, and reimbursement." *Mercer II*, 451 S.W.3d at 847. Appellant filed a supplemental brief in which she addressed this issue, but only as to the reimbursement[1] ordered in her sentence. The State has not filed supplemental briefing.

## II. REIMBURSEMENT

### A. Preservation of Error

We first address whether appellant preserved her objection at the trial court level. *See id.* (directing us to address preservation of error on remand).

#### 1. Applicable Law

Ordinarily, to preserve an issue for review an appellant must first raise the issue in the trial court. TEX. R. APP. P. 33.1(a). Failure to object when there was an opportunity to do so generally waives error. *Burt v. State*, 396 S.W.3d 574, 577–78 (Tex. Crim. App. 2013). This rule applies to sentencing issues generally. *See Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012). A sentencing issue may be preserved by objecting at

---

[1] The briefs of the State and appellant on original submission used the term "restitution" to refer to the trial court's orders that appellant repay the costs of her confinement. We use the term "reimbursement" because the Texas Code of Criminal Procedure uses "restitution" to refer to compensatory payments to crime victims. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (providing for restitution to crime victims) (West, Westlaw through Chapter 46 2015 R.S.) *with id.* art. 42.038 (providing for reimbursement for confinement expenses in certain cases).

3

the sentencing hearing, when sentence is pronounced, or, in some cases, in a motion for new trial. *Burt*, 396 S.W.3d at 577. However, the requirement that the appellant raise the objection in the trial court "assumes that the appellant had the opportunity to raise it there." *Id.* In *Burt*, the Texas Court of Criminal Appeals held that the appellant did not waive issues arising from the written judgment because the trial court did not produce the written judgment until after the appellant's opportunity to object or raise the issue in a motion for new trial had passed. *Id.* at 578.

## 2. Discussion

Appellant admits that she raised no objection in the trial court but argues that she was excused from preserving error because the trial court's oral pronouncement of sentence did not give her clear notice that the court was ordering her to repay the cost of her confinement. *See id.* at 577 ("The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there."). Appellant argues that the trial court's oral pronouncement was insufficient to give her notice because it was equivocal: the court stated that it was ordering her to repay the costs of her confinement "if it can be collected, on a state jail case, which I don't think it really can be." Appellant argues that her first real notice that she was ordered to repay the costs of her confinement was in the written judgment, which she argues she received long after her opportunity to object had passed. We disagree. Although the trial court expressed doubt regarding whether the reimbursement could be collected in appellant's case, the trial court nevertheless expressly stated that it was ordering her to repay the balance of the cost of her confinement. Unlike the situation in *Burt,* the trial court's oral pronouncement of

sentence mentioned the matter at issue and gave appellant an opportunity to object to it. *See id.* at 578–79.

However, appellant would only have been required to object if the trial court's statement that it was assessing "restitution" gave appellant notice of which sum the trial court was ordering her to repay. *See id.* at 577. The trial court's pronouncement may not have given appellant notice because the court used the term "restitution" instead of the statutory term "reimbursement." After a thorough review of the record, we conclude that the trial court's meaning was clear in the context of the case. Each of the orders modifying appellant's supervision to require her to spend time incarcerated in county jail and repay the cost of her incarceration used the term "restitution" to refer to the obligation to repay. For example, the modification order issued by the trial court on January 4, 2011 ordered appellant to serve five days of confinement in county jail on the weekends and to "pay $40.00 per day *restitution* to the 36th, 156th, and 343rd Judicial Districts Community Supervision and Corrections Department for the benefit of Bee County Sherriff's Department for said confinement" (emphasis added). Furthermore, when orally pronouncing sentence, the trial court ordered appellant to repay the "balance of the unpaid fine, fees, costs and restitution," giving notice that it was ordering her to pay a sum of money that was previously assessed against her and for which she had partially paid. In context, the trial court's words would logically refer to the court's previous "restitution" orders.

In sum, we conclude from the foregoing that appellant waived error in the propriety of the trial court's order by failing to raise her objection in the trial court. *See Burt*, 396 S.W.3d at 577–78 (observing that an "appellant fails to preserve error by failing to object

5

when he had the opportunity"); *see also Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly." (internal footnotes omitted)). We overrule appellant's first issue.

### B. Evidentiary-Sufficiency Issue

Appellant argued to the Texas Court of Criminal Appeals for the first time that there was an insufficient basis to order repayment of costs because she is indigent and she may make this argument for the first time on appeal. *Mercer II*, 451 S.W.3d at 847–48. Appellant repeated this argument in her supplemental brief to this Court. The Texas Court of Criminal Appeals ordered us on remand to "address preservation of error and any other properly presented issues that necessarily must be addressed to resolve Appellant's appeal." *Id.* at 848. We note that a challenge to the evidentiary support for a trial court's order is distinct from a challenge to the propriety of the same order. *See generally Moore*, 371 S.W.3d at 225; *Idowu*, 73 S.W.3d at 921. The only new issues that an appellant may brief on remand are those issues raised by the Texas Court of Criminal Appeals' decision or necessary to its application on remand. *Ex parte Chamberlain*, 352 S.W.3d 121, 123 n. 3 (Tex. App.—Fort Worth 2011, pet. ref'd) (op. on remand) (stating that issues on remand are limited to those raised by the opinion of the Texas Court of Criminal Appeals or its application on remand); *Wooldridge v. State*, 319 S.W.3d 747, 750 (Tex. App.—Eastland 2009, pet. ref'd) (op. on remand) (same); *Lopez v. State*, 57 S.W.3d 625, 629 (Tex. App.—Corpus Christi 2001, pet. ref'd) (op. on remand) (same). Any other issue is not properly before this Court unless we grant review of a new issue. *See Ex parte Chamberlain*, 352 S.W.3d at 123 n. 3. While we granted leave for appellant to file

6

supplemental briefing to address the Court's decision, we did not explicitly or impliedly grant leave to address an entirely new issue. *See Garrett v. State*, 220 S.W.3d 926, 929 (Tex. Crim. App. 2007). And unlike preservation of error, which the Texas Court of Criminal Appeals explicitly directed us to address on remand, appellant's evidentiary-sufficiency issue is not raised by the Court's decision or necessary to its application on remand. We conclude that appellant's evidentiary-sufficiency issue is not "properly presented" and we decline to address it. *See id.*

## IV. MODIFICATION

The judgment of conviction in this case also reflects that appellant still owes the complete $1,000 fine and $300 in court costs. Appellant asks us in her second issue to modify the judgment to reflect that she has already paid $460 of the fine, leaving a balance of $540, and that she has paid $240 in court costs, leaving a balance of $60. The State did not contest appellant's requests. We agree that appellant's requests are supported by the record. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that appellate courts have the authority to modify the judgment to correct errors if they have the necessary information). We sustain appellant's second issue and modify the judgment to reflect that the remaining balance of her fine is $540 and the remaining balance of court costs is $60. *See* TEX. R. APP. P. 43.2(b).

7

## V. Conclusion

We affirm the judgment of the trial court as modified.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.