

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00082-CR

TARVARUS DEANDRE STUCKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1103963D, Honorable Everett Young, Presiding

September 22, 2015

## ON REMAND FROM THE
## COURT OF CRIMINAL APPEALS

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

What started out as an *Ander's* brief which this court rejected has resulted in the Court of Criminal Appeals directing us to journey into the realm of statutory "reparations" and whether probation fees can be consider same. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b) (West Supp. 2014) (stating that "[i]n all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation"). We previously held that the issue was waived. In appealing our decision to the Court of Criminal Appeals, appellant purportedly

contended that we "erred to reject [sic] his argument regarding his community supervision fees on the grounds that he failed to object . . . ." *Stuckey v. State,* No. PD-0286-15, 2015 Tex. Crim. App. Unpub. LEXIS 383, at *2 (Tex. Crim. App. May 20, 2015) (mem. op., not designated for publication). The court agreed, saying that "[a]ppellant's claim . . . is not that the imposition of the $60/month [probation] fee was invalid." *Id.* "His claim is that [such] fees could not be assessed in the judgment as reparations, and that the $1,800 amount assessed in the judgment is inaccurate. These claims could not have been raised at the time that Appellant was placed on community supervision." *Id.* So, it remanded the cause to this court "to decide whether Appellant forfeited this claim by not objecting at the time that the *judgment* was entered, and if not, whether his claim has merit." *Id.* (emphasis added).

Both appellant and the State were invited to proffer supplemental briefs, and both accepted the invitation. In his brief, appellant argued that both the issue of reparations and their amount were preserved. The State responded by conceding the former but not the latter. Because of the State's concession, we need not address whether appellant preserved his complaint about whether unpaid probation fees can be considered reparations. So, we address it now. And, in addressing it, we conclude that such fees can be deemed such. Our decision is founded upon precedent issued by the Fort Worth Court of Appeals. For instance, in *Steen v. State*, No. 02-13-00559-CR, 2014 Tex. App. LEXIS 9692 (Tex. App.—Fort Worth August 28, 2014, pet. ref'd) (mem. op., not designated for publication), that court upheld the payment, as reparations, of $2,507 in outstanding community supervision fees. *Id.* at *3-4. Indeed, it concluded that such fees were mandated by statute and "must be included in the judgment upon

2

revocation of community supervision." *Id.* This precedent binds us due to the nature of the appeal. It was transferred from the Second Court of Appeals to the Seventh Court via order by the Texas Supreme Court. Under such circumstances, the transferee court (*i.e.,* the Amarillo Court of Appeals) must abide by the precedent of the transferor court, (*i.e.*, the Fort Worth Court of Appeals). TEX. R. APP. P. 41.3.

As for the dispute regarding the amount of probation fees assessed, we interpret appellant's claim as one involving the sufficiency of the evidence supporting the sum levied. In fact, that is how he characterized it when arguing that the matter was preserved for review. Furthermore, the Court of Criminal Appeals has held that claims regarding the sufficiency of the evidence underlying a particular finding may be raised, for the first time, on appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (holding ". . . that no trial objection is required to preserve an appellate claim of insufficient evidence, thus the court of appeals did not err in addressing appellant's complaint about the order to reimburse court-appointed attorney fees"); *see also Johnson v. State,* 423 S.W.3d 385, 391 (Tex. Crim. App. 2014) (holding that "[a]ppellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal"). So, appellant did not waive this particular complaint either.

As for the accuracy of the $1,800 amount found to be due, we turn to the appellate record and find in it a "Bill of Costs" issued by the Tarrant County District Clerk. The latter certified that the costs and fees encompassed within the bill were "a correct account of the Court Costs, Fees and/or Fines adjudged against" appellant. And, under the category entitled "the total cost assessed" we find "Reparation (Probation Fees) $6,216.00." So too do we find another document apparently created

3

by the Community Supervision and Corrections Department of Tarrant County. Among the various items mentioned therein is one labelled "Revocation Restitution/Reparation Balance Sheet," and it indicates that probation fees of $1,800 were in "arrears." To that we add some rather basic calculation. It consists of multiplying by $60 the number of months between the order placing appellant on probation and the order revoking his probation. That number is approximately 30 (that is, from July of 2011 to January of 2014 if January is counted as a month), and 30 multiplied by 60 just happens to be 1800.[1]

Other courts have turned to the certified bill of costs to see if some evidence existed to support the amount of costs or fees assessed against a defendant upon conviction. *See e.g., Steen v. State*, 2014 Tex. App. LEXIS 9692, at *3-4 (stating that the "certified bill of costs, included in the record. . .was enough to support the inclusion in the judgment of $2,507 in statutorily-authorized, community supervision fees"); *see also*, *Johnson v. State*, 423 S.W.3d at 395-96 (stating that a bill of cost "is the most expedient, and therefore preferable method" of "sustain[ing] statutorily authorized and assessed court costs"). So too has a "Revocation Restitution/Reparation Balance Sheet" been considered in similar situations. *See e.g., Collazo v. State,* No. 09-13-

---

[1] Appellant suggests that the calculation should exclude the time he spent jailed after being granted community supervision and before having his guilt adjudicated. To accept his proposition, though, would require us to conclude that an order deferring adjudication and imposing conditions of probation loses its affect anytime the defendant is jailed while on probation. Yet, appellant cites us to no authority so holding. Additionally, nothing in the order before us indicates that the court intended to suspend the effect of its edict if appellant happened to be arrested. And, given that an order is generally effective until countermanded in some way, logic would suggest that the terms of his probation continued to apply even though appellant was incarcerated for a period of time during probation. Indeed, incarceration does not *ipso facto* terminate probation since the decision to revoke it actually lies within the trial court's discretion. *Leonard v. State,* 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (stating that in a revocation proceeding, the trial court has the discretion to revoke community supervision if a preponderance of the evidence supports one of the State's allegations). The latter could retain appellant on probation even if he violated a condition of his community supervision. So, we opt to include the entire 30 months in the calculation.

00458-CR, 2014 Tex. App. LEXIS 6798, at *6-7 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op., not designated for publication) (noting that the statements in "'The Revocation Restitution/Reparation Balance Sheet'" reflected the amount of "administrative fees" assessed in the judgment). Given this and our own calculations for the record, we conclude that some evidence of record supported the imposition of at least $1,800 in probation fees upon appellant. Consequently, we overrule appellant's complaint regarding the amount assessed.

One other matter necessitates attention. It concerns appellant's effort to contest the assessment of attorney's fees as reparations. Upon review of the opinion from the Court of Criminal Appeals remanding the dispute to us, we find nothing therein alluding to that issue. This is of import since the only new issues that an appellant may present on remand are those addressed in the decision of the Court of Criminal Appeals or necessary to its application on remand. *Mercer v. State*, No. 13-13-00150-CR, 2015 Tex. App. LEXIS 6745, at *8 (Tex. App.—Corpus Christi July 2, 2015, no pet.) (mem. op., not designated for publication); *Ex parte Chamberlain*, 352 S.W.3d 121, 123 n.3 (Tex. App.—Fort Worth 2011, pet. ref'd). Whether attorney's fees are reparation and subject to assessment here had nothing to do with the issue addressed by the Court of Criminal Appeals in its *Stuckey* decision, that issue being appellant's complaint about the probation fees. So the matter of attorney's fees being assessed as reparations is not before us.

Having rejected appellant's complaints, we reaffirm our prior decision rendered in *Stuckey v. State,* No. 07-14-00082-CR, 2015 Tex. App. LEXIS 1483 (Tex. App.—

5

Amarillo February 12, 2015).  Thus, we modify the judgment of the trial court to reflect that the reparations due from appellant are $5,365 and affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.