

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1711-13

**MELISSA ANN MERCER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BEE COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, ALCALA, RICHARDSON, YEARY, NEWELL, JJ., joined. JOHNSON, J., filed a concurring opinion. ALCALA, J., filed a concurring opinion. MEYERS, J., did not participate.

## O P I N I O N

Here we are asked to consider whether a defendant on community supervision for a state-jail felony may be required to reimburse a county for the cost of her incarceration in county jail as a condition of her community supervision. However, because we conclude the court of appeals incorrectly analyzed the relevant issue in this case, we vacate the judgment of the court of appeals and remand this cause for reconsideration in

light of this opinion.

## BACKGROUND

Appellant, Melissa Ann Mercer, pled guilty to debit-card abuse and was placed on community supervision for five years. On numerous occasions, the trial court amended Appellant's conditions of community supervision sua sponte and without a hearing. However, Appellant signed each order amending the conditions of her community supervision.

Later, the trial court held a hearing with Appellant, defense counsel, and the prosecutor present, revoked Appellant's community supervision, and sentenced her to two years' confinement. The judge also ordered her to pay the costs she had failed to pay as conditions of her community supervision, including payment of her outstanding fine, court costs, and reimbursement[1] for costs of her confinement in county jail while she was on community supervision. At the revocation hearing, Appellant stipulated to evidence proffered by the State and pled true to all alleged violations of her conditions of community supervision, including failing to pay her fine, court costs, and reimbursement as ordered as conditions of her community supervision.[2] Appellant did not object at the

---

[1]The trial court used the term "restitution." We shall use the term "reimbursement," as the court of appeals did through all but the conclusion of its opinion, because the Texas Code of Criminal Procedure article dealing with confinement expenses is styled, "Reimbursement for Confinement Expenses." TEX. CODE CRIM. PROC. art. 42.038.

[2]On February 12, 2013, Appellant signed a stipulation of evidence in which she judicially confessed to all 24 of the allegations contained in an attached affidavit sworn to by Grace Garcia, although the State later abandoned allegations 5 and 10 through 13. Among the numerous other

hearing.[3]

Appellant appealed, challenging the assessment of $160 for the costs of her confinement in the county jail. The court of appeals granted Appellant relief, holding that the trial court did not have the express authority, under Article 42.12 of the Texas Code of Criminal Procedure, to order Appellant to reimburse the costs of her confinement as a condition of community supervision. The court's remedy was to strike the reimbursement amount ordered to be paid (as part of Appellant's sentence) after the judge revoked Appellant's community supervision. *See Mercer v. State*, No. 13-13-00150-CR, 2013 WL 6055271, at *2 (Tex. App.—Corpus Christi Nov. 14, 2013) (mem. op.) (not designated for publication). We granted the State Prosecuting Attorney's petition for review on the following grounds:

> 1. Is a challenge to a community supervision condition, imposed in a modification order entered without a hearing, forfeited on appeal from revocation when the probationer was served with the modification order and could have timely objected in the trial court but failed to do so?
>
> 2. On appeal from revocation, did Appellant forfeit her challenge to the imposition of incarceration reimbursement costs as a supervision condition by failing to object when the judge included the outstanding costs in the

allegations of violations of her conditions of community supervision, Appellant admitted that she had failed to pay the assessed costs and fines.

[3]When the judge revoked Appellant's community supervision and sentenced her, he stated in part,

> Her community supervision will be revoked, the original sentence imposed, two years in a state jail with the balance of the unpaid fine, fees, costs and restitution, if it can be collected, on a state jail case, which I don't think it really can be.

revocation judgment?

3. Is the community supervision condition for misdemeanor offenses that authorizes reimbursement costs for confinement as a supervision condition properly imposed in a state jail felony case when, by statute, a judge can impose any condition authorized for a non-state jail felony offense?

## DISCUSSION

The issue has been presented as one of whether ordering reimbursement for costs of confinement is a valid condition of community supervision in non-misdemeanor cases. After reviewing the record, we conclude that the issue is not whether the court had the authority to impose reimbursement as a condition of Appellant's community supervision, but rather whether the judge had the authority to order Appellant after revocation, as part of her sentence, to pay the balance of her fine, costs, and reimbursement.[4]

Because the court of appeals granted Appellant relief on an erroneous basis, we vacate the judgment of the court of appeals and remand this cause to the court of appeals for further proceedings. Furthermore, we note that the State argued at the court of

---

[4]This fact was essentially acknowledged by Appellant's court-of-appeals counsel when he stated,

> The restitution payments ordered in this case are not made 'as a condition of' [community supervision] because the trial court [] removed Appellant from [community supervision] and ordered Appellant's sentence executed. Therefore, article 42.12 cannot serve as a basis to order restitution in this executed sentence even if the general language of 42.12 could authorize those payments as a condition of [community supervision].

Appellant's Brief at 8, *Mercer v. State*, 2013 WL 6055271 (Tex. App.—Corpus Christi Nov. 14, 2013) (No. 13–13–00150–CR) (record citation omitted).

appeals, and in its brief to this Court, that Appellant failed to preserve any complaint for appellate review because she did not object at the revocation hearing despite having an opportunity to do so. Also, for the first time, Appellant argues that there was an insufficient basis to order repayment of costs in this case because Appellant is indigent, and that her argument may be raised for the first time on appeal. On remand, the court of appeals should address preservation of error and any other properly presented issues that necessarily must be addressed to resolve Appellant's appeal.

Hervey, J.

Delivered: January 14, 2015

Publish