

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1757-13

**TAWONA SHARMIN RILES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

**KELLER, P.J., filed a concurring opinion in which HERVEY, J., joined.**

This case would be like our recent decision in *Mercer v. State* if the trial attorney's fee had

not been listed in the bill of costs.[1]  In *Mercer*, we held that the court of appeals erred in focusing

on whether an incarceration-reimbursement fee was a valid condition of probation when the

appropriate question was whether the fee could be imposed in the judgment that revoked probation.

In the present case, the Court mentions a number of contexts in which appellant was informed that

she would be required to pay the attorney's fee: in the plea papers, in her application for probation,

---

[1]  No. PD-1711-13 (Tex. Crim. App. January 14, 2015).

and in the conditions of probation listed in the judgment.[2] But in each of these instances, appellant was notified only that she would be required to pay the fee as a condition of probation. Had these been the only places in which the obligation to pay the attorney's fee had been mentioned, appellant would not have been placed on notice that the fee was being imposed as an independent obligation under the judgment, and her first notice that the fee would be an independent obligation would have been when the fee was imposed upon revocation.[3]

But the bill of costs listed the attorney's fee, and the judgment explicitly incorporated the bill of costs with its notation "see attached." Although the bill of costs was not available at trial, appellant knew at trial (because of that notation) that the bill of costs was forthcoming and would be incorporated into the judgment. Especially given the absence of any discussion in the plea papers or plea hearing specifically *limiting* the attorney's fee to conditions of probation, appellant's attorney should have realized that the fee might appear in the not-yet-issued bill of costs, and if it did, it would become an independent obligation under the judgment. Moreover, the fee did appear in the

---

[2] The plea papers include the attorney's fee in a section entitled:

COURT COSTS AND FEES
For Person on Community Supervision

The body of this section states that the defendant understands that "there are mandatory costs of Community Supervision including . . . fees for court appointed attorney." The body of this section further provides that "the defendant affirmatively states to the Court that he / she has the financial resources to pay the costs associated with Community Supervision in their specific case and that their personal financial situation is expected to be stable through out [sic] the term of Community Supervision."

[3] *See Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013) (discussing difference between an attorney's fee as a condition of probation and as an independent obligation under the judgment).

bill of costs in time for appellant to file a notice of appeal.[4]  Under these circumstances, I agree that appellant forfeited her claim under *Manuel v. State*[5] by failing to raise it in an appeal from the judgment deferring adjudication.

I join the Court's opinion.

Filed: February 4, 2015
Publish

---

[4]  Appellant waived appeal, but she could have attacked the waiver as involuntary with respect to a complaint about the bill of costs, which was issued after her waiver.  *See Ex parte Delaney*, 207 S.W.3d 794,798 (Tex. Crim. App. 2006).

[5]  994 S.W.2d 658 (Tex. Crim. App. 1999).