**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

2/25/15

**DORIAN E. RAMIREZ, CLERK**
BY JParedes

ACCEPTED
13-13-00015-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/25/2015 1:52:57 PM
DORIAN RAMIREZ
CLERK

**CAUSE NO: 13-13-00150-CR**

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI-EDINBURG

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/25/2015 1:52:57 PM
DORIAN E. RAMIREZ
Clerk

**MELISSA ANN MERCER**
*Appellant*

*v.*

**THE STATE OF TEXAS**
*Appellee*

*Appeal from the 156th District Court,*
*Bee County, Texas*
*Trial Court Cause No. B-09-2167-CR-B*

---

## APPELLANT'S SUPPLEMENTAL BRIEF ON REMAND

---

Julie Balovich
SBN 24036182
Bee County Regional Public Defender
331A North Washington Street
Beeville, Texas 78102
Tel: (361) 358-1925
Fax: (361) 358-5158
jbalovich@trla.org

ATTORNEYS FOR APPELLANT
MELISSA ANN MERCER

# TABLE OF CONTENTS

INDEX OF AUTHORITIES……………………………………………………iii

ISSUES FOR DECISION……………..…………………………………..2

I.      Whether the trial court had authority to impose costs of county-jail incarceration as part of Appellant's sentence upon revocation of her term of community supervision.

II.      Whether Appellant's complaints on appeal are procedurally defaulted for failure to object at the trial court.

ARGUMENT………………………………………………………………….3

I.      No statute authorizes the trial court to order Appellant to pay reimbursement of her county jail confinement upon revocation of her community supervision…………………………………………………………………….3

II.      Appellant was not required to preserve error at the trial court………...……5

PRAYER FOR RELIEF……………………………………………………7

CERTIFICATE OF COMPLIANCE………………………………………….8

CERTIFICATE OF SERVICE………………………………………………..9

# INDEX OF AUTHORITIES

**Cases**

*Burt v. State*, 396 S.W.3d 574 (Tex. Crim. App. 2013)…………………………..5

*Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App.2013)………………….……..5

*Martinez v. State*, 91 S.W.3d 331 (Tex. Crim. App. 2002)………………...........5

*Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010)…………………......5 , 7

*Mercer v. State*,  No. PD-1711-13, ____ S.W.3d ____,
        2015 WL 180396 (Tex. Crim. App. 2015)…………………………1, 2, 3, 4

*Mercer v. State*, No. 13-13-00150-CR, 2013 WL 6055271
        (Tex. App.—Corpus Christi-Edinburg, Nov. 14, 2013) (mem. op.)….......1, 3


**Statutes**

TEX. CODE CRIM. PROC. art. 26.04(p)……………….…………………………….4

TEX. CODE CRIM. PROC. art. 26.05(g)……………….…………………………….7

TEX. CODE CRIM. PROC. art. 42.037…………….…………………………………3

TEX. CODE CRIM. PROC. art. 42.038…………….………………………….…3, 4

IN THE THIRTEENTH COURT OF APPEALS
EDINBURG – CORPUS CHRISTI

**MELISSA ANN MERCER**
*Appellant*

*v.*

**THE STATE OF TEXAS**
*Appellee*

**APPELLANT'S SUPPLEMENTAL BRIEF ON REMAND**

TO THE HONORABLE COURT:

This cause is again before this Court on remand from the Court of Criminal Appeals. This Court originally ruled that the trial court lacked authority to impose costs of county-jail incarceration as a term of Appellant's community supervision and ordered her judgment reformed to remove that amount. *Mercer v. State*, No. 13-13-00150-CR, 2013 WL 6055271, at *1 n.2 (Tex. App.—Corpus Christi-Edinburg, Nov. 14, 2013) (mem. op.) The Court of Criminal Appeals vacated this ruling after holding that authority to impose county-jail incarceration costs as a term of community supervision is not at issue in this case. *Mercer v. State*, No. PD-1711-13, ____ S.W.3d ____, 2015 WL 180396, at *4 (Tex. Crim. App. 2015). Instead the properly framed issue is whether the trial court had authority to order

Appellant to reimburse county-jail incarceration costs as part of her sentence when the trial court revoked Appellant's community supervision. *Id.* at *4. The Court of Criminal Appeals directed this Court to address this issue, preservation, and any other properly presented issues that must be addressed to resolve Appellant's appeal. *Id.* at *4-5.

This brief supplements Appellant's argument to address the issues as framed by the Court of Criminal Appeals, and concludes that the result should be the same: the trial court erred in ordering Appellant to pay $160 in county-jail incarceration costs.


**ISSUES FOR DECISION**

**I.      Whether the trial court had authority to impose costs of county-jail incarceration as part of Appellant's sentence upon revocation of her term of community supervision.**


**II.     Whether Appellant's complaints on appeal are procedurally defaulted for failure to object at the trial court.**

# ARGUMENT

**I.      No statute authorizes the trial court to order Appellant to pay reimbursement of her county jail confinement upon revocation of her community supervision.**

The judgment orders Appellant to pay the balance of her reimbursement[1] for the expense of periods of confinement in county jail which had been ordered as a condition of community supervision. CR 202. The trial court had no authority to make this order as part of her judgment on revocation.

The only authority for a trial court to order a defendant to reimburse a county for costs of confinement in county jail is found at Code of Criminal Procedure article 42.038 "Reimbursement for Confinement Expense." Section (a) of that statute authorizes a trial court to order a misdemeanor offender who is sentenced to county jail to reimburse the county for the costs of her confinement at the time she is convicted. TEX. CODE CRIM. PROC. art. 42.038(a). Appellant's case does not meet the criteria of this statute: she is not a misdemeanor offender and the order for her to reimburse the county for confinement was not imposed upon conviction, but rather upon revocation. Section (b) authorizes a trial court to order a misdemeanor offender who is required to serve time in county jail as a condition

---

[1] The trial court used the term restitution, but both this Court and the Court of Criminal Appeals have recognized that the disputed amount was assessed for reimbursement of confinement expenses, not restitution to the victim. 2013 WL 6055271, at *1 n.2; 2015 WL 180396, at *1, n.1; *see* TEX. CODE CRIM. PROC. art. 42.037 (restitution is paid to a victim to compensate for damages, loss, or injuries). There was no restitution in this case to the victim of Appellant's offense; the items Appellant paid for with another person's debit card were returned and restitution was not part of the original judgment. CR 37-39, 66.

of community supervision to reimburse the county for the costs of her confinement also as a condition of community supervision. *Id*. art. 42.038(b). Appellant's case also does not meet the criteria of this statute: again, she is not a misdemeanor offender, and the order for her to pay reimbursement at issue in this appeal was imposed at the execution of her sentence. Accordingly, this section did not authorize the trial court to order Appellant to pay reimbursement costs as part of her judgment.

Even if either of these sections applied, they both come with an important due process safeguard: a court may not require reimbursement if the defendant is indigent. *Id*. art. 42.038(c). For non-indigent defendants, the court must consider the defendant's financial circumstances before ordering reimbursement. *Id*. art. 42.038(d). Appellant was indigent as shown by her sworn affidavit, and the record reflects no inquiry by the trial court into her ability to pay.[2] CR 8-9, RR *passim*. The law presumes she remains indigent for the remainder of the proceeding unless a material change in her financial circumstances occurs. TEX. CODE CRIM. PROC. art. 26.04(p). There was no evidence that Appellant's financial circumstances had changed. Indeed, her sentence was being revoked and she was being ordered to serve a two year jail sentence. CR 202. Accordingly, the judgment ordering her to

---

[2] Although the Court of Criminal Appeals stated that Appellant made this argument "for the first time" before it, *see* 2015 WL 190396 at *2, in fact Appellant did address this issue in her initial brief before this Court. Appellant's Brief at 9 (*Mercer* I) ("First, at no point were any of the restitution amounts ordered after the trial court had considered Appellant's ability to pay.")

4

reimburse the county for confinement expenses was unsupported by legally sufficient evidence. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2011) (affirming court of appeals that held trial court erred in ordering reimbursement of attorneys fees absent evidence of appellant's ability to pay).

There being no authority for the trial court's judgment for reimbursement, it should be reformed to delete the provision for reimbursement in the amount of $160.

## II.     Appellant was not required to preserve error at the trial court.

"The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). The rationale behind requiring an appellant to make an objection is to allow the trial court the opportunity to correct errors. *Landers v. State*, 402 S.W.3d 252, 254 n.5 (Tex. Crim. App. 2013) (citing *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002)). There are two reasons why Appellant could not and did not have to object in order to preserve the argument that the trial court had no authority to order her to pay confinement expense as part of her judgment.

First, the trial court orally pronounced a sentence that did not give clear notice he would be ordering Appellant to pay for reimbursement of Appellant's

5

confinement expenses; in fact, he expressly questioned that he had the ability to do so:

> Her community supervision will be revoked, the original sentence imposed, two years in a state jail with the balance of the unpaid fine, fees, costs and restitution, *if it can be collected, on a state jail case, which I don't think it really can be.*

RR 12 (emphasis added). Until the reimbursement amount appeared in the written judgment, Appellant had no notice that the judge had ordered her to pay county jail confinement expenses as part of the judgment. Although the written judgment was signed and filed on the same day as the hearing, the record does not reflect the date Appellant received a copy of it before filing her appeal. CR 202. *See Burt*, 396 S.W.3d at 578 n.5 (acknowledging the unlikelihood that an appellant would have found out about a restitution order after written judgment issued where trial counsel had been dismissed, appellant had begun serving her sentence, and there is no requirement inmates be served with their judgment). Accordingly, Appellant is entitled to challenge the authority of the trial court to order this expense for the first time on appeal.

Second, as discussed above, a reimbursement order, if authorized, may not be assessed in cases where a judge has determined a defendant is indigent and may only be ordered after a trial court considers the defendant's financial circumstances. TEX. CODE CRIM. PROC. art. 42.038(c), (d). The statute is analytically similar to the statute which authorizes a trial court to order a defendant

6

to offset or pay the costs of his court-appointed attorney after it determines the defendant has the ability to pay. TEX. CODE CRIM. PROC. art. 26.05(g). An objection at trial is not necessary to preserve a sufficiency complaint under these statutes. *See Mayer*, 309 S.W.3d at 556 (Tex. Crim. App. 2011) (holding that an objection at trial is not required to preserve a defendant's complaint of insufficient financial resources and evidence of ability to pay attorneys fees as court costs).

## PRAYER FOR RELIEF

WHEREFORE, Appellant prays that this Court reform the judgment to delete the requirement that Appellant pay $160 in costs.

Respectfully submitted.

**/s/ Julie M. Balovich**
Julie Balovich
SBN 24036182
331A N. Washington
Beeville, Texas 78102
Tel: (361) 358-1925
Fax: (361) 358-5158
jbalovich@trla.org

7

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that, according to this computer word processor's word count program, this document contains 1,580 words, exclusive of the items excepted by Tex. R. App. P. 9.4(i)(1).

<u>**/s/ Julie M. Balovich**</u>
Julie Balovich

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing has been delivered by electronic filing manager if registered but otherwise by email or regular mail to:

State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711

Hon. District Attorney Jose L. Aliseda, Jr., 701 E. Houston, Beeville, Texas 78102

Hon. Edward F. Shaughnessy III, 206 E. Locus Street, San Antonio, Texas 78212

on this 25th day of February, 2015.

**/s/ Julie Balovich**
**Julie Balovich**