

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-0286-15

---

### TARVARUS DEANDRE STUCKEY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS TARRANT COUNTY

---

*Per curiam.*

## O P I N I O N

Appellant was charged with aggravated robbery. The trial court initially deferred adjudication and placed him on community supervision for ten years. The conditions of community supervision included an order that he pay $60 per month in supervision fees. Appellant did not object to this requirement.

His guilt was later adjudicated and he was sentenced to 20 years in prison. The

judgment ordered that he pay $6,216 in reparations. A "Revocation/Restitution/Reparation Balance Sheet" reflected that Appellant owed $1,800 in community supervision fees. Appellant did not object at this time, either.

On appeal, Appellant challenged, *inter alia*, the validity of the judgment's requirement that he pay $1,800 in community supervision fees on the grounds that such fees are not reparations and, if they are, the amount of $1,800 is incorrect. The Court of Appeals, citing *Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013), held that Appellant forfeited his complaint because he failed to object at the time that he was placed on community supervision. *Stuckey v. State*, No. 07-14-00082-CR, 2015 Tex. App. LEXIS 1483 (Tex. App.—Amarillo February 12, 2015) (not designated for publication).

Appellant has filed a petition for discretionary review in which he argues, *inter alia*, that the Court of Appeals erred to reject his argument regarding his community supervision fees on the grounds that he failed to object at the time that he was placed on community supervision. We agree. Appellant's claim regarding his community supervision fees is not that the imposition of the $60/month fee was invalid. His claim is that the fees could not be assessed in the judgment as reparations, and that the $1,800 amount assessed in the judgment is inaccurate. These claims could not have been raised at the time that Appellant was placed on community supervision.

Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals to decide

whether Appellant forfeited this claim by not objecting at the time that the judgment was entered, and if not, whether his claim has merit.  See *Mercer v. State*, 451 S.W.3d 846 (Tex. Crim. App. 2015).

Delivered: May 20, 2015
Do Not Publish