

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00414-CR

_____

COURTLYN LEVINE AKA COURTLYN LEVINENEWTON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1513617D

Before Sudderth, C.J., Gabriel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In 2018, Appellant Courtlyn Levine (aka Courtlyn Levinenewton) pleaded guilty to the offense of aggravated assault with a deadly weapon, and the trial court placed him on deferred adjudication community supervision. In 2019, the trial court proceeded to adjudicate Appellant guilty and sentenced him to fourteen years in the penitentiary.

On appeal, Appellant contests neither the trial court's decision to adjudicate his guilt nor his fourteen-year sentence; rather, in a single point, he attacks the trial court's decision to order him to pay $1,175 in reparations.[1] Because the record supports reparations for all but $15 of the $1,175 that the trial court ordered, we modify the judgment to reflect reparations in the amount of $1,160 and, as modified, affirm the trial court's judgment.

## II. REPARATIONS

Appellant argues that the trial court abused its discretion by ordering him to pay $1,175 in reparations because the State presented no evidence at the adjudication hearing showing that he owed fees or any kind of "restitution." Appellant notes that

---

[1]Appellant concedes in his reply brief that his opening brief's other point, in which he challenged the $1,700 in attorney's fees assessed in the trial court's now-defunct deferred-adjudication-community-supervision order, is moot because those fees were not incorporated into the trial court's order adjudicating his guilt. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

Section 2(b) of Article 42.03 of the Texas Code of Criminal Procedure requires ordering "restitution due" and that restitution requires evidentiary support. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b);[2] *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014). Buttressing this contention, Appellant notes further that in the State's second amended petition to proceed to an adjudication, it alleged that

- Appellant had not paid his probation fee of $60 in April 2018 and

- Appellant had not paid his lab fee of $35 in April 2018.

Appellant next points to the close of the adjudication hearing when the trial court found those two allegations not true because the State had not presented any evidence to support them.

We disagree with Appellant's premise. The trial court did not order restitution under Section 2(b) of Article 42.03.

Restitution is intended to compensate victims. *See* Tex. Code Crim. Proc. Ann. art. 42.037(a). And it "must be for only the victim or victims of the offense for which

---

[2]Before January 1, 2017, Section 2(b) required trial courts to enter an order for the "restitution or reparation due and owing"; beginning January 1, 2017, Section 2(b) requires entering an order only for the "restitution due and owing." Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 2.12, 4.02, 2015 Tex. Sess. Law Serv. 2320, 2369, 2394 (codified at Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b)); *see Mercer v. State*, 451 S.W.3d 846, 851 n.3 (Tex. Crim. App. 2015) (Alcala, J., concurring) ("Reparation" may be nothing more than "an alternative phrasing for restitution."); *Sheridan v. State*, Nos. 11-19-00303-CR, 11-19-00304-CR, 2020 WL 1887710, at *3 (Tex. App.— Eastland Apr. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication).

the defendant is charged." *Burt*, 445 S.W.3d at 758; *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). Further, "restitution . . . is similar to a fine in that it is punitive [and] must be orally pronounced." *Lyle v. State*, No. 02-17-00227-CR, 2019 WL 3024480, at \*3 (Tex. App.—Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim App. 2009)). Evidentiary-sufficiency principles apply to restitution. *See Burt*, 445 S.W.3d at 758.

The ordered reparations were not to compensate any victims. The "Revocation Restitution / Reparation Balance Sheet" and the "All Transactions for a Case" printout both show that the $1,175 in reparations consisted of two parts: $1,140 was owed for probation fees, and $35 was owed to the Community Supervision and Corrections Department (CSCD). Neither the unpaid probation fees nor the money owed to the CSCD have anything to do with the victim. The trial court thus could not order Appellant to pay either as restitution. *See id.* But the trial court did not order Appellant to pay these amounts as restitution; rather, the trial court ordered Appellant to pay them as reparations.[3]

---

[3]"Reparation" is not defined in the Texas Code of Criminal Procedure. *See Mercer*, 451 S.W.3d at 851 n.3 (Alcala, J., concurring). One well-respected dictionary defines "reparation" as

- "the act or process of mending or restoring: a repairing or keeping in repair";

- "the act of making amends, offering expiation, or giving satisfaction for a wrong or injury" or "something done or given as amends or satisfaction"; and

We have held that evidentiary-sufficiency principles do not apply to reparations. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). The reparations must, however, have some sort of record support. *See id.* at 716–17; *Taylor v. State*, No. 02-15-00425-CR, 2016 WL 3159156, at *5 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication); *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication). *But see Lewis v. State*, 423 S.W.3d 451, 459–60 (Tex. App.—Fort Worth 2013, pet. ref'd) (applying evidentiary-sufficiency principle but addressed and distinguished by *Taylor*).[4]

Appellant next asks us to reconsider *Zamarippa* because it correlated unpaid probation fees to court costs. In *Zamarippa*, we relied on an opinion from the Texas Court of Criminal Appeals. 506 S.W.3d at 716 n.3 (citing *Johnson v. State*, 423 S.W.3d

_____

- "the payment of damages: INDEMNIFICATION."

*Reparation*, Webster's Third New Int'l Dictionary (2002).

[4]At the adjudication hearing, the State produced no evidence to support the allegations that Appellant had not paid his probation and lab fees in April 2018, and (as Appellant correctly notes) the trial court found them not true. This meant that the State could not proceed to an adjudication based on those allegations but not that those allegations were false; rather, it meant that the State had not met its burden to prove them true by a preponderance of the evidence. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). For reparations' purposes, all the State needed was record support, not evidentiary support by a preponderance of the evidence. *See Zamarripa*, 506 S.W.3d at 716–17.

5

385, 390 (Tex. Crim. App. 2014)).  That court wrote, "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (internal quotation marks omitted).  "As a result," the court added, "we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and the traditional . . . evidentiary-sufficiency principles do not apply." *Id.*

Because probation-related fees are "not part of the guilt or sentence of a criminal defendant" and because they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with" Appellant's case, correlating unpaid probation-related fees to costs makes eminent sense.  *See Johnson*, 423 S.W.3d at 390; *Zamarripa*, 506 S.W.3d at 716–17.  We stand by *Zamarippa*.

We have already held that the first category, unpaid probation fees, may be taxed against a defendant as reparations.  *Maxion v. State*, No. 02-18-00176-CR, 2019 WL 3269324, at *2 (Tex. App.—Fort Worth July 18, 2019, pet. ref'd) (mem. op. on en banc reconsideration, not designated for publication); *Kitchen v. State*, 594 S.W.3d 429, 432 (Tex. App.—Fort Worth 2019, pet. ref'd) (op. on en banc reconsideration); *Hongpathoum v. State*, 578 S.W.3d 213, 216 (Tex. App.—Fort Worth 2019, no pet.).  The record thus supports reparations for the $1,140 in probation fees.  That leaves the $35 owed to the CSCD.

6

The State argues that $20 of the $35 can be attributed to a crime-stoppers fee that the trial court ordered Appellant to pay as a probation condition. Both Appellant and the record are totally silent on whether he paid the crime-stoppers fee; under these circumstances, the crime-stopper fee may be attributed to reparations. *See Sanders v. State*, No. 02-19-00029-CR, 2019 WL 4010358, at *2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication); *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication).

Next, the State concedes that the record does not support the remaining $15. We too find no record support for that amount. Accordingly, we sustain this portion of Appellant's remaining point to the extent that we will delete $15 from the ordered reparations. *See Sanders*, 2019 WL 4010358, at *3.

## III. CONCLUSION

Having sustained Appellant's remaining point in part, we modify the judgment to assess $1,160 in reparations. *See Sanders*, 2019 WL 4010358, at *3. We additionally modify the order to withdraw funds to reflect that the amount of "[c]ourt costs, fees and/or fines and/or restitution" incurred is $1,160. *See id.* As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

7

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 10, 2020