**Affirmed as Modified in Part, Reversed and Remanded in Part, and Opinion filed January 11, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00472-CR

---

### ROBIN EARL FRAZIER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1739706**

---

## O P I N I O N

Appellant, Robin Earl Frazier, appeals his conviction for indecency with a child by exposure. After appellant waived his right to a jury trial, a visiting judge found him guilty and assessed his punishment at three years in prison. In eight issues, appellant contends that (1) the trial court lacked jurisdiction because the grand jury that indicted him was impaneled by a different district court than the one that tried and sentenced him; (2) the record does not contain an assignment

order for the visiting judge; (3) the evidence was insufficient to prove that appellant exposed his anus or genitals knowing a child was present as required by the indictment; (4) the evidence was insufficient to prove that appellant acted with intent to arouse or gratify any person's sexual desire; (5) there was no evidence that appellant was "with a child" at the time of the offense; (6) the written judgment states that two enhancement paragraphs were found to be true when the trial court made no such finding; (7) the written judgment states that the trial court imposed a general fine when the trial court did not orally pronounce the assessment of any fine; and (8) the judgment incorrectly calculated the court costs appellant was required to pay.[1]

The State has conceded on issues six, seven, and eight. Concluding that the judgment erroneously includes findings regarding the enhancement paragraphs, a general fine, and an improper assessment of costs, we modify the judgment to remove the enhancement findings and the fine, reverse and remand the assessment of costs issue, and affirm the remainder of the judgment as modified.

### *Background*

Amy Alsop testified that on May 10, 2019, she took her daughter, who was five years old at the time, to a park in their neighborhood. As Alsop was pushing her daughter on the "big" swings, Alsop noticed appellant standing about six feet behind her and staring at her. Appellant had a small dog with him. There was also another man close to Alsop with his daughter and two elementary-aged children playing on the basketball court. Alsop then took her daughter to a play structure in the park, where they stayed for about five to ten minutes before her daughter asked

---

[1] Appellant also filed a pro se brief on appeal, which largely raises some of the same issues as addressed in his attorney's brief. We do not address any additional issues or arguments raised in the pro se brief, however, because appellant has no right to hybrid representation. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006).

Alsop to push her in a "baby swing." While at the baby swings, Alsop could see appellant about 20 or 25 feet directly in front of her, sitting on a bench. Alsop's daughter was in the swing facing Alsop and away from appellant.

Alsop said that as he was sitting on the bench, appellant had pulled up one leg of his shorts, had his penis out, and was masturbating. More specifically, Alsop said that appellant's penis was visible, he had his hand around it, and was moving his hand up and down. Alsop looked around to check if anyone else had seen what she saw, then she looked at appellant again to verify she saw what she thought she saw. After confirming her observation, she picked her daughter up, took her home, and called the police. A recording of Alsop's call to the police was admitted into evidence and played for the court. Alsop subsequently returned to the park with her brother-in-law, where she spotted appellant in his van. Appellant was arrested a short time later at a different location.

On cross-examination, Alsop agreed that the distance from her position at the swings to the bench where appellant was sitting was approximately double the width of a tennis court. Defense counsel also performed an in-court demonstration of the distance from the swings to the bench with Alsop's participation. Alsop stated that her daughter had not seen appellant masturbating. She said that while appellant was masturbating, he made eye contact with Alsop but not with her daughter. Because of the eye contact, she believes that appellant was aware she saw him masturbating. She acknowledged that there was a utility pole with some attachments in the line of sight between the swing that her daughter was in and the bench on which appellant sat. Alsop stated, however, that the utility pole did not obstruct her view when she saw appellant masturbating.

In his testimony, appellant acknowledged being at the park on the day and at the time in question, but he asserted that when he was sitting on the bench, he was

3

undoing knots in his dog's leash and not masturbating or otherwise exposing his penis. He further said that he did not see Alsop or her daughter or any other children at the park that day, although he did see a few other adults there. He estimated the distance from the swings to the bench to be around 85 to 90 feet. A friend of Alsop's, who helped locate appellant after the incident, and a police officer involved in the investigation also testified.

### *The Grand Jury*

In his first issue, appellant contends that the trial court lacked jurisdiction over this matter because the grand jury that indicted him was impaneled by a different district court than the one that tried and sentenced him, albeit both district courts were in the same county. In support of his argument, appellant relies on Texas Code of Criminal Procedure article 21.02(2), which provides that for an indictment to be deemed sufficient, "[i]t must appear that the same was presented in the district court of the county where the grand jury is in session." Tex. Code Crim. Proc. art. 21.02(2).

As we have recently explained, an argument regarding the sufficiency of an indictment under article 21.02(2) presents a nonjurisdictional, procedural challenge that must be preserved by proper and timely objection in the trial court. *McLeod v. State*, No. 14-22-00684-CR, 2023 WL 8263659, at *3 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, no pet. h.) (citing *Jenkins v. State*, 592 S.W.3d 894, 902 (Tex. Crim. App. 2018)). Appellant does not cite, and we have not discovered, any place in the record demonstrating that he objected to the alleged failure to comply with article 21.02(2) in the trial court. *See id.* Accordingly, we overrule his first issue.

4

## *Visiting Judge*

In his second issue, appellant asserts that his conviction should be overturned because the record does not contain an assignment order for the visiting judge who presided over the trial. Without such assignment, appellant insists, the judge had no authority to act in the case.

It is well-settled, however, that a party complaining regarding the assignment of an otherwise qualified judge must preserve that complaint in the trial court and may not raise it for the first time on appeal. *See, e.g.*, *Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998) (holding defendant failed to preserve argument that judge's appointment order had expired); *see also Lackey v. State*, 364 S.W.3d 837, 846 (Tex. Crim. App. 2012) ("[A]n objection to the authority of the individual purporting to conduct a proceeding must be timed so as to 'afford both the trial judge and the State notice of the procedural irregularity and an adequate opportunity to take appropriate corrective action.'") (quoting *Wilson*, 977 S.W.2d at 380–81); *Lopez v. State*, 57 S.W.3d 625, 629 (Tex. App.—Corpus Christi 2001, pet. ref'd) (holding defendant failed to preserve argument based on fact record did not contain assignment); *Sparkman v. State*, 997 S.W.2d 660, 663 (Tex. App.—Texarkana 1999, no pet.) (rejecting defendant's argument based on absence of appointment order in the record in part because defendant failed to object to the judge's assignment in the trial court).

Appellant here does not challenge the trial judge's qualifications but only complains that the record does not contain an order of assignment. Appellant does not cite any place in the record demonstrating that he preserved this complaint below and we have not found one. Accordingly, this issue was waived and is overruled. *See Lackey*, 364 S.W.3d at 846.

## *Sufficiency of the Evidence*

In issues three, four, and five, appellant challenges the sufficiency of the evidence. In reviewing the sufficiency of the evidence, we view all the evidence presented at trial in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id*. This standard applies equally to both circumstantial and direct evidence. *Id*. Each fact need not point directly and independently to the appellant's guilt so long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

As relevant to this case, a person commits the offense of indecency with a child

> if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes . . . the person's genitals, knowing the child is present.

Tex. Penal Code § 21.11(a).

In his third issue, appellant specifically asserts that the evidence was insufficient to demonstrate that he knew a child was present at the time he allegedly exposed his penis. Appellant insists that it required shear conjecture to

6

conclude he knew Alsop's daughter was present at the time. Proof of a culpable mental state almost invariably depends upon circumstantial evidence, and a factfinder can infer a defendant's knowledge from his acts, conduct, and remarks as well as from all the surrounding circumstances. *See Gant v. State*, 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In her testimony, Alsop provided several strong indications that appellant was aware of the presence of Alsop's daughter. Alsop stated that she first observed appellant standing about six feet behind her and staring at her while she pushed her daughter on the big swings. A short time later, Alsop observed appellant and made eye contact with him as he was sitting on a park bench masturbating approximately 20 to 25 feet, or double the width of a tennis court, away from where Alsop was pushing her daughter in the baby swings. Although there was a utility pole between the bench and the swings, Alsop indicated the utility pole was not a significant obstruction. Alsop also stated that two elementary-aged children were playing basketball on a nearby basketball court in the park. This evidence was sufficient for the trial judge to reasonably conclude that appellant knew there was a child present at the time he allegedly masturbated at the park. We therefore overrule appellant's third issue.

In issue four, appellant contends the evidence was insufficient to establish that he acted with an intent to arouse or gratify any person's sexual desire. *See* Tex. Penal Code § 21.11(a). This element can, of course, include the defendant's own sexual desire. *See Hendrix v. State*, 150 S.W.3d 839, 850 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Appellant acknowledges Alsop testified she saw appellant masturbating, but he insists this evidence was insufficient to show an intent to arouse or gratify his sexual desire, and he cites cases in which the evidence included more graphic details than did Alsop's testimony in this case.

7

*See, e.g.*, *Cantu v. State*, 604 S.W.3d 590, 594 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

We disagree, however, with appellant's assertion that evidence he exposed himself and masturbated in a public park was insufficient to demonstrate that he did so with the intent to sexually arouse or gratify himself. Indeed, the very definition of masturbation indicates an intent to sexually arouse and gratify. *See* New Oxford American Dictionary 1078 (3d ed. 2010) (defining masturbate to mean to "stimulate one's own genitals for sexual pleasure"); Webster's Ninth New Collegiate Dictionary 732 (1991) (defining masturbation as "erotic stimulation of the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse"). Moreover, although our prior opinion in *Cantu* included more graphic details than does the present case, it is clear from that opinion that the key factor supporting the conviction was the evidence of masturbation. 604 S.W.3d at 594 ("[T]he complainant described an act of masturbation, from which the jury reasonably could infer appellant's intent to arouse or gratify his sexual desire."). Because the evidence that appellant exposed himself and masturbated in a public park was sufficient to support the conclusion that he did so to arouse or gratify his sexual desire, we overrule appellant's fourth issue.

In his fifth issue, appellant challenges the sufficiency of the evidence to demonstrate that he was "with a child" at the time of the alleged offense, as required by section 21.11(a).[2] Appellant first insists that the phrase must mean something other than just that the child was present at the time and place of the

---

[2] When interpreting a statute, an undefined word or phrase should be construed and understood according to its common, everyday usage. *Hanna v. State*, 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). The operative word here, "with," has several meanings, including its use "as a function word to indicate combination, accompaniment, presence, or addition." Webster's Ninth New Collegiate Dictionary 1026.

offense because the statute already requires that the child be present in a later subsection. He further suggests that the phrase therefore should be read to mean "in the company of a child," and he argues that there was no evidence in the record indicating he was in the company of a child at the time of the alleged offense—"He was not walking with her. He was not playing with her. He was not talking to her. He was not babysitting her. He was not even in the company of [the child's] mother."

We disagree with appellant's interpretation of the statutory requirements as well as his conclusion regarding the evidence. In essence, appellant argues that the fact the statute references the presence of a child at two points means that the drafters must have intended different meanings for each reference. The only authority appellant cites for this contention is the general principle of statutory construction that says a reviewing court must presume that every word of a statute is used for a purpose. *See, e.g.*, *Polk v. State*, 676 S.W.2d 408, 410 (Tex. Crim. App. 1984). While there certainly may be circumstances in which two similar phrases in a statute should be interpreted as having different meanings, such as when they occur in a list, that is not necessarily always the case. For example, here, the first reference to a child's presence in section 21.11(a), "with a child," is a general requirement that a child be present at the time and place of certain conduct of the accused; whereas, the second reference to the child's presence, "the child is present," is specifically tied to the defendant's knowledge of the child's presence. The two references therefore perform different functions within the statute.

Additionally, it should be noted that section 21.11(a) provides four different ways in which indecency with a child can be perpetrated: (1) sexual contact with a child, (2) causing the child to engage in sexual contact, (3) exposing the person's anus or genitals, knowing a child is present; or (4) causing the child to expose his

or her anus or genitals. "With a child" is a requirement for all four methods of commission; "knowing a child is present" is a separate requirement only in regards to the third option.[3] Again, the two phrases serve different purposes in the statute, so the principle of statutory construction that we presume every word of a statute is used for a purpose does not require the two phrases to have separate meanings.

Moreover, nothing in the statute supports appellant's suggestion that "with a child" means more proof is required than that the child be present at the time and place of the accused's conduct. *See, e.g.*, *Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011) ("[T]he offense of indecency with a child by exposure is complete once the defendant unlawfully exposes himself in the required circumstances. . . . The child need only be 'present' for the offense to be effectuated; the child does not even have to be aware of the exposure."). As amply discussed above, there was sufficient evidence to establish that appellant was "with a child" at the time he was observed masturbating in a public park. Accordingly, we overrule his fifth issue.

### *Enhancement Paragraphs*

In issue six, appellant points out that while the judgment states that two enhancement paragraphs were found to be true, the trial court did not make any such findings. The State acknowledges that not only did the trial court not make such findings, the State also did not offer any evidence that would support such findings if they had been made.[4] Both sides request that we correct the judgment to delete the "true" findings on the enhancement paragraphs. We agree and sustain appellant's sixth issue for this purpose.

---

[3] This is probably because such knowledge is implied in the other options.

[4] When asked by the trial court how he pleaded on the enhancement allegations, appellant responded that he was invoking his rights under the Fifth Amendment. The trial court interpreted this as a plea of not true to each allegation.

### *General Fine*

In his seventh issue, appellant points out that the judgment assessed a general fine of $100 even though the trial judge did not state such a fine was being imposed at the time she orally pronounced appellant's sentence. Generally, fines must be orally pronounced in the defendant's presence, as they are punitive and intended to be part of a convicted defendant's sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). When there is a conflict between a judge's oral pronouncement of a sentence and the judgment, the oral pronouncement controls, and when a judgment contains a fine that was not orally pronounced, an appellate court may correct the judgment by deleting the fine. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). The State agrees that this is what happened in this case and deletion from the judgment is the proper remedy. Accordingly, we sustain appellant's seventh issue and correct the judgment by deleting the $100 general fine.

### *Court Costs*

In his eighth issue, appellant contends that the trial court improperly assessed certain court costs against him and requests that the issue be remanded to the trial court for a proper assessment of costs. The State again agrees that the costs were improperly assessed and also agrees with the requested remedy.

The judgment states that a total of $290 in court costs was assessed against appellant. The bill of costs accompanying the judgment lists two such costs, a state consolidated court cost of $185 and a local consolidated court cost of $105.00. However, the statute authorizing assessment of these costs did so only for offenses committed on or after January 1, 2020. *See* Act of May 21, 2019, 86th Leg. R.S. ch. 1352, §§ 1.03, 1.05, 504. The evidence in this case demonstrated appellant committed the offense on May 10, 2019; thus, these court costs should not have

been assessed against appellant. However, as appellant concedes, there were likely costs that should have been assessed against him. Appellant therefore requests and we grant a reverse and remand for the purpose of assessing the proper amount of court costs. *See, e.g.*, *McLeod*, 2023 WL 8263659, at *9; *Authorlee v. State*, No. 14-20-00821-CR, 2022 WL 220267, at *3–4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, pet. ref'd) (mem. op., not designated for publication). We sustain appellant's eighth issue for this purpose.

### *Conclusion*

The judgment erroneously includes findings regarding the enhancement paragraphs, a general fine, and an improper assessment of costs, we modify the judgment to remove the enhancement findings and the fine, reverse and remand the assessment of costs issue, and affirm the remainder of the judgment as modified.

/s/    Frances Bourliot
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Do Not Publish — TEX. R. APP. P. 47.2(b).